UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

PATTERSON CONNER                          CIV. ACTION NO. 3:25-02004

VERSUS                                    JUDGE TERRY A. DOUGHTY

ELIZABETH MATTHEWS, ET AL.                MAG. JUDGE KAYLA D. MCCLUSKY

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the district court, is a motion to dismiss for lack of subject matter jurisdiction [doc. # 5] filed by Defendants, Elizabeth Matthews and Tensas Community Health Center, Inc., pursuant to Federal Rule of Civil Procedure 12(b)(1).   For reasons assigned below, IT IS RECOMMENDED that the United States of America be substituted as Defendant in lieu of Elizabeth Matthews and Tensas Community Health Center, Inc., and that the motion to dismiss for lack of subject matter jurisdiction be GRANTED.

**Background**

On March 10, 2025, Patterson Conner ("Plaintiff") filed the instant medical malpractice suit against Elizabeth Matthews, D.D.S., and Tensas Community Health Center, Inc. (collectively, "Defendants") in the Sixth Judicial District Court for the Parish of Tensas, State of Louisiana.   (Petition for Damages [doc. # 1-2]).   Plaintiff alleges that on or about October 10, 2023, Defendants failed to provide him with appropriate and reasonable dental care during a routine tooth extraction that caused him to suffer serious injury and permanent partial disability. *Id*.   He seeks recovery for a litany of resulting damages.   *Id*.

On December 11, 2025, the United States, a non-party, removed the matter to federal

court pursuant to Section 233(a) of the Public Health Service Act, 42 U.S.C. § 233(c).   (Notice of Removal).   In support of removal, the United States asserted that the U.S. Department of Health and Human Services ("HHS") had deemed Defendants to be Public Health Service employees by virtue of 42 U.S.C. §§ 233(g)-(n).   *Id.*, ¶¶ 3-4; *see also* Aug. 15, 2022 Notice of Deeming Action, Exh. 1 to Decl. of Meredith Torres, M/Dismiss, Exh. A [doc. # 5-2]. Furthermore, the United States Attorney for the Western District of Louisiana (the "U.S. Attorney"), pursuant to the authority of 28 U.S.C. § 2679(d) and 28 C.F.R. § 15.4(a), certified that Defendants were "deemed" to be Public Health Service employees for purposes of 42 U.S.C. § 233 during the relevant period, and further certified that Elizabeth Matthews, D.D.S., acted within the course and scope of her employment with Tensas Community Health Center, Inc., at all relevant times.   (Notice of Removal, ¶4 and Certification of Covered Entity and Course and Scope of Employment; Notice of Removal, Exh. C [doc. # 1-4]).

On January 9, 2026, the U.S. Attorney[1] filed the instant Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on behalf of Defendants.   The motion states that "Defendants" removed the case to federal court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* (M/Dismiss, Memo., pg. 1, n.1).   Furthermore, because Defendants were "deemed" to be Public Health Service employees, by virtue of the Federally Supported Centers Assistance Act, 42 U.S.C. §§ 233(g)-(n), Plaintiff may bring his claim only under the FTCA.   *Id.*, pgs. 1-2.   However, because Plaintiff did not file an administrative claim with the proper federal agency, i.e., the HHS, the case is subject to dismissal for lack of subject matter jurisdiction for failure to exhaust administrative remedies. *Id.*, pg. 2.

---

[1] An Assistant U.S. Attorney filed the motion.

2

Plaintiff did not file a response to the motion, and the time to do so has passed.  *See* Notice of Motion Setting [doc. # 6].   Accordingly, the motion is deemed unopposed.  *Id*.

## **Law and Analysis**[2]

### I.    **Proper Party and Claims**

The FTCA represents a limited waiver of sovereign immunity that imposes liability upon the United States to the same extent as a private party for certain torts of federal employees acting within the scope of their employment.   *United States v. Orleans*, 425 U.S. 807, 813 (1976); 28 U.S.C. § 1346(b)(1).   The Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA") extended FTCA coverage to employees of the Public Health Service ("PHS").  *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004).   Pursuant to the FSHCAA, the PHS may deem private entities that are qualified and eligible community health care centers,[3] *and* their employees (who are physicians or licensed or certified health care practitioners), to be employees of the PHS entitled to immunity under the FTCA.   *See* 42 U.S.C. § 233(g)(1)(A) & (G) and *McLauri*n, 392 F.3d at 777.   Therefore, once the PHS deems an entity and its physician(s) to be PHS "employees," they are accorded absolute immunity from common

---

[2] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).   "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

[3] A "health center" is defined as "an entity that serves a population that is medically underserved, or a special medically underserved population comprised of migratory and seasonal agricultural workers, the homeless, and residents of public housing, by providing . . . required health services . . . for all residents of the area served by the center."   42 U.S.C. § 254b(a)(1); *see also* 42 U.S.C. § 233(g)(4).

law tort claims, and an injured party's exclusive remedy is against the government under the FTCA.   *Id*. (citing 42 U.S.C. § 233(g)(1)(A)).   In addition, if the Attorney General, or his designee (i.e., the U.S. Attorney), certifies that the sued parties were acting within the course and scope of their employment at the time the incident arose, then "the FTCA allows the government to remove the suit against the employee to federal court and substitute the government as the proper party defendant."   *McLaurin*, 392 F.3d at 777 (citing § 2679(d)(1)-(2)).[4]

In this case, Defendants have adduced evidence showing that, (1) the HHS deemed them to be PHS employees during the relevant period, and (2) the Attorney General, via the U.S. Attorney, certified that Elizabeth Matthews, D.D.S., was acting within the course and scope of her employment with Tensas Community Health Center, Inc., at all relevant times.   *See* discussion, *supra*.   Plaintiff has not rebutted or contested the sufficiency of this evidence.

Accordingly, the Court necessarily finds that this action must be deemed an action brought against the United States under the FTCA and the United States shall be substituted as the party defendant.   28 U.S.C. §§ 2679(d)(1)-(2).[5]

## II.   FTCA and Administrative Exhaustion

The United States, as sovereign, "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."   *United States v. Testan*, 424 U.S. 392, 399 (1976).   Under the FTCA, "the district courts

---

[4] Not only is the Attorney General's certification dispositive for purposes of removal, it serves as evidence that a federal "employee" is immune from suit, and, correlatively, that the United States should be substituted as defendant.   *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432 (1995); *Osborn v. Haley*, 549 U.S. 225, 245-24, (2007).

[5] Perplexingly, the United States did not file a motion to substitute itself as defendant in this matter.   Instead, counsel represented that she would seek to substitute the United States as the proper defendant should the Court *deny* the motion to dismiss.   (M/Dismiss, Memo., pg. 1 n.1).   Regardless, a court may add or drop a party on its own.   FED. R. CIV. P. 21.

. . . shall have exclusive jurisdiction of civil actions on claims against the United States . . ." for certain torts of federal employees acting within the scope of their employment.  *See* 28 U.S.C. §§ 1346(b) & 2671.   The Act provides a limited waiver of sovereign immunity, and suits filed thereunder must be filed in exact compliance with its terms.  *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971).

The FTCA further provides that,

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall been finally denied by the agency in writing and sent by certified or registered mail.   The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (in pertinent part).

The purpose behind the FTCA's administrative exhaustion requirement is to provide a claimant with "a meaningful opportunity to resolve the matter without the necessity of judicial intervention."  *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988).   Administrative exhaustion is a jurisdictional prerequisite to filing suit against the government under the FTCA. *Gregory v. Mitchell*, 634 F.2d 199, 203-4 (5th Cir. 1981) (citation omitted); *see also Cook v. United States on behalf of U.S. Dept. of Labor*, 978 F.2d 164, 165 (5th Cir. 1993).

Here, it is uncontroverted that Plaintiff did not file an administrative claim with the DHH, the appropriate federal agency in this matter.  *See* Decl. of Meredith Torres; M/Dismiss, Exh. A [doc. # 5-2].[6]   Therefore, the instant suit remains premature and subject matter jurisdiction is

---

[6]  Plaintiff likely did not discern the need to file an administrative claim, considering that it was not readily apparent that the original defendants were federal employees.   However, 28 U.S.C. § 2679(d)(5) potentially affords Plaintiff some relief.

lacking.

## Conclusion

IT IS RECOMMENDED that the United States of America be substituted as Defendant in lieu of Elizabeth Matthews, D.D.S., and Tensas Community Health Center, Inc.; consequently, that the motion to dismiss for lack of subject matter jurisdiction [doc. # 5] be GRANTED; and that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE in its entirety.   FED. R. CIV. P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.   A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.   Timely objections will be considered by the District Judge before issuance of a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 4th day of May, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

6